ON APPLICATION FOR REHEARING
PER CURIAM.
Plaintiff-appellant, David Oestreicher, II, in his application for rehearing asserts that this court failed to address the issue of whether he is entitled to cancellation of the lease for non-payment of rent. In our opinion rendered November 10, 1988, we found the defendant lessees failed to pay the rent due plaintiff for May, 1986.
Nonetheless, the right to dissolve a lease is subject to judicial control. LSA-C.C.P. arts. 4702, 4731. Where the term of a lease has not expired, cancellation and forfeiture of a lessee’s rights are justified only when the right to that relief is clear. LSA-C.C.P. arts. 4702, 4731. Flores v. Gondolier, Ltd., 375 So.2d 400 (La.App. 3rd Cir.1979).
In accordance with the terms of the lease, plaintiff gave defendants written notice on May 6, 1986, of his intent to hold them in violation of the lease agreement after they failed to pay the rent for May, 1986. On May 7, 1986, plaintiff sent defendants written, notice of his intent to deduct $2000.00 due for May rent from their security deposit and threatened eviction. Although plaintiff testified at trial that he did not deduct the rent from the security deposit, he failed to inform the defendants that he did not follow through with his intention. Plaintiff then collected monthly rental payments for June, July and August that defendants had deposited in the registry of the court. He has continued to withdraw subsequent monthly rental payments from the court’s registry. When plaintiff collected these rental payments after giving defendants notice he *1310 forfeited his right to have the lease can-celled.
Accordingly, we deny the relief sought by plaintiff in this application.
DENIED.